UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re                                                                                    Chapter 7

       BARUCH BLOCH,                                          Case No. 09-40810 (DEM)

                  Debtor.
-----------------------------------------------------------x

## APPELLANT'S DESIGNATION OF RECORD AND STATEMENT OF ISSUES

       Baysa Bloch (the "Appellant"), by her attorneys, Backenroth Frankel & Krinsky, LLP, having filed a notice of appeal dated August 10, 2009, from the May 14, 2009 So-Ordered record of the United States Bankruptcy Court denying the Appellant's motion to lift the automatic stay under section 362 of the Bankruptcy Code, and the July 31, 2009 denial of Appellants motion for reconsideration under Bankruptcy Rule 9024 in connection therewith, hereby designates the following for inclusion in the record on appeal and sets forth a statement of issues to be presented on appeal, pursuant to Bankruptcy Rule 8006:

1.     Docket no. 1.  Chapter 7 Voluntary Petition. (Attachments: # 1 Supplement Statement of Financial Affairs and other Local Forms) (Entered: 02/04/2009)

2.     Docket no. 8.  Motion to Dismiss Case or in the Alternative Grant Relief from Stay to Allow Basya Bloch to Continue Proceedings Presently Pending in State Court. (Attachments: # 1 Exhibits to Motion, part 1# 2 Exhibit to Motion, part 2# 3 Exhibits to Motion - Part 3# 4 Exhibits to Motion - part 4# 5 Exhbits To Motion -- part 5# 6 Initial

      Motion served with incorrect hearing date# 7 Affidavit of Service of Initial service with incorrect hearing date# 8 Affidavit of Service of Motion and Notice of Motion with corrected hearing date) [Modified on 2/19/2009 for Clarificatio]. (Entered: 02/16/2009)

3.     Docket no. 10. Affirmation in Opposition to Creditor's Motion to Lift Stay Filed by Leo Fox on behalf of Baruch Bloch (Entered: 03/06/2009).

4.     Docket no. 11. Affirmation in Opposition (i) to Baysa Bloch's Motion to Dismiss the Petition as a Bad Faith Filing, (ii) Partial Opposition to Baysa Bloch's Motion to Modify the Automatic Stay Under Section 362(b)(2) of the Bankruptcy Code, and (iii) Objection to the Debtor's Homestead Exemption in the Amount of $50,000 Filed by Robert L Geltzer on behalf of Robert L Geltzer (Attachments: # 1 Exhibit A# 2 Affidavit of Service) (Entered: 03/06/2009).

5.     Docket no. 12. Amended Schedule E, and Amended Schedule F, (Attachments: # 1 Schedule F) (Fox, Leo) Modified on 3/10/2009, Modified on 3/11/2009 (fmr). (Entered: 03/09/2009).

6.     March 12, 2009 Hearing Transcript.

7. Docket no. 13. Affidavit LR1009-1(a) to Amended Schedule E and F  Filed by Leo Fox on behalf of Baruch Bloch (related document 12 Amended Schedules) (Entered: 03/17/2009).

8. May 15, 2009 Hearing Transcript.

9. Docket no. 23. Motion to Reconsider Order Denying Lift Stay Motion Filed by Mark A Frankel on behalf of Basi Bloch. (Entered: 05/26/2009)

10. Docket no. 33. Affirmation in Opposition to Creditor's Motion for Reconsideration Filed by Leo Fox on behalf of Baruch Bloch (Entered: 06/29/2009)

11. July 2, 2009 hearing Transcript.

12. Docket no. 34. Notice of Settlement of Proposed Order Filed by Mark A Frankel on behalf of Basi Bloch (Entered: 07/02/2009)

13. Docket no. 35. Notice of Settlement of Proposed Order Filed by Mark A Frankel on behalf of Basi Bloch (RE: related document(s) 8 Motion for Relief From Stay filed by Creditor Basi Bloch) (Frankel, Mark) (Entered: 07/02/2009).

14. Affirmation in Opposition to the Notice of Settlement of Order Regarding the May 14, 2009 Hearings (Entered: 07/07/2009).

15. Docket no. 39.  Order Denying Motion To Reconsider.  Signed on 7/31/2009

16. Docket no. 41.  Notice of Appeal to District Court. (Entered: 08/10/2009).

## **ISSUES PRESENTED**

1. Did the Bankruptcy Court err in denying Appellant's Lift Stay Motion under Section 362(b)(2) of the Bankruptcy Court, which section provides that collection of support obligations is not stayed by the filing of a bankruptcy petition as to property that is not property of the Debtor's estate, and as to certain defined estate property?

2. Did the Bankruptcy Court err in assuming jurisdiction over the Debtor's domestic support obligation notwithstanding the "domestic relations exception," pursuant to which Federal Courts lack jurisdiction over domestic relations matters including determination and modification of support obligations?

3. Did the Bankruptcy Court err in failing to give full faith and credit to the final New York Supreme Court Divorce decree fixing the Debtor's domestic support obligations?

Dated:      New York, New York
            August 20, 2009

                                        BACKENROTH FRANKEL & KRINSKY, LLP
                                        Attorneys for Appellant

                                By:     s/Mark Frankel
                                        489 Fifth Avenue
                                        New York, New York  10017
                                        (212) 593-1100